UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Quintin LaPrix Davis, | ) | Civil Action No.: 4:19-cv-03037-RBH |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Justin William Holloway, Christopher Dolan Taylor, Everett Eugene McMillian, and Carrie Fisher Sherard, | ) | |
| Defendants. | ) | |

This matter is before the Court for consideration of Plaintiff Quintin LaPrix Davis's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, who recommends summarily dismissing his complaint without prejudice.[1]  *See* ECF Nos. 11 & 14.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Court is mindful of its duty to liberally construe Plaintiff's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## Discussion

In December 2018, Plaintiff was tried and convicted by a jury in this District of three federal crimes.[2] *See United States v. Davis*, No. 4:18-cr-00821-MGL (D.S.C.). In October 2019, he filed the instant *Bivens*[3] action against the four above-captioned Defendants—who are the Assistant United States Attorneys involved in his criminal case—alleging his Sixth Amendment right of confrontation was violated, seeking monetary damages, and asking the Court to overturn his federal conviction. *See* ECF No. 1. The Magistrate Judge recommends summarily dismissing Plaintiff's complaint because (1) Defendants are entitled to absolute prosecutorial immunity, (2) *Heck*[4] bars the claims related to his conviction, and (3) amendment would be futile. *See* ECF No. 11 at pp. 3–4.

In his "objections," Plaintiff acknowledges the Magistrate Judge's recommendations regarding prosecutorial immunity and *Heck*, but he does not appear to dispute that these two legal doctrines

---

[2] Plaintiff was convicted of possession with intent to distribute a quantity of fentanyl and oxycodone, being a felon in possession of a firearm and ammunition, and possession of a firearm in furtherance of a drug trafficking crime. *See United States v. Davis*, No. 4:18-cr-00821-MGL, at ECF No. 61 (D.S.C.).

[3] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[4] *Heck v. Humphrey*, 512 U.S. 477 (1994).

2

preclude relief. *See* ECF No. 14.[5] Plaintiff also does not specifically object to the Magistrate Judge's determination that amendment of his complaint would be futile. *See generally Orpiano*, 687 F.2d at 47 (recognizing de novo review is unnecessary when a party does "not direct the court to a specific error in the magistrate's proposed findings and recommendations").

Regardless, the Court has conducted a de novo review of the R & R and agrees with the Magistrate Judge's conclusions that both absolute prosecutorial immunity and *Heck* bar Plaintiff's claims and that amendment of his complaint would be futile. *See Lyles v. Sparks*, 79 F.3d 372, 376 (4th Cir. 1996) ("In *Bivens*-type actions, . . . prosecutors enjoy absolute immunity for conduct intimately associated with the judicial phase of the criminal process." (internal quotation marks omitted)); *Covey v. Assessor of Ohio Cty.*, 777 F.3d 186, 197 (4th Cir. 2015) (recognizing *Heck* bars a *Bivens* claim if (1) a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction and (2) the claim is brought by a plaintiff currently in custody); *Magwood v. Robinson*, 784 F. App'x 169, 170 & n.* (4th Cir. 2019) (recognizing a "complaint cannot be saved by mere amendment" if the plaintiff "cannot plead facts that satisfy *Heck*'s favorable termination requirement" (citing *Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 624 (4th Cir. 2015))). Accordingly, the Court will overrule Plaintiff's objections and adopt the R & R.

## Conclusion

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Magistrate Judge's R & R [ECF No. 11], and **DISMISSES** Plaintiff's complaint *without prejudice* and

---

[5] Plaintiff states that he "realized [his] ignorance to the science of laws," that the R & R informed him that the Government's "represent[a]tives have been granted prosecutorial immunity," and that *Heck* "is understandable." ECF No. 14 at pp. 1–2.

without issuance and service of process.[6]

**IT IS SO ORDERED.**

Florence, South Carolinas/ R. Bryan Harwell
January 7, 2020R. Bryan Harwell
Chief United States District Judge

---

[6] Because *Heck* applies, the Court is dismissing this case without prejudice. *See, e.g.*, *Russell v. Guilford Cty. Municipality*, 599 F. App'x 65 (4th Cir. 2015) (indicating a dismissal based on *Heck* should be without prejudice).